UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>MITCHELL DOUGLAS GILBRETH,<br><br>              Defendant. | NO. CR-08-110-EFS<br><br>**PRELIMINARY FORFEITURE ORDER** |

WHEREAS, in a forfeiture count of the Indictment filed in this case the United States sought forfeiture of certain personal property described as follows; Compaq Presario computer tower, serial number CNH44504JM, 1 Motorola modem, serial number 128103404910799402010000, 1 Cycrest computer tower labeled with #CY486DX66, flash drive, disks and other peripherals seized from Defendant Mitchell Douglas Gilbreth's residence in Spokane Valley, Washington, on October 5, 2007.

AND WHEREAS, on November 13, 2008, Defendant entered into a Plea Agreement wherein he pleaded guilty to Counts 1 and 2 of the Indictment charging Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and Possession of Child Pornography, in

ORDER ~ 1

1  violation of 18 U.S.C. § 2252A(a)(5)(B); and agreed to the forfeiture of
2  the property described above.
3     AND WHEREAS, by virtue of said Plea Agreement, the United States is
4  now entitled to possession of the above-described property, pursuant to
5  18 U.S.C. § 2253, and Federal Rule of Criminal Procedure 32.2.
6     Accordingly, **IT IS HEREBY ORDERED**:
7     1.   That based upon the Plea Agreement entered into on November 13,
8  2008, said property is hereby preliminarily forfeited to the United
9  States for disposition in accordance with the law, subject to the
10 provisions of 18 U.S.C. § 2253.
11    2.   That the aforementioned forfeited property is presently held
12 by the Bureau of Immigration and Customs Enforcement, in their secure
13 custody and control.
14    3.   Upon the entry of this Order, the United States is authorized
15 to commence any applicable proceeding to comply with statutes governing
16 third party rights, including giving notice of this Order.  The United
17 States shall publish notice of the order and its intent to dispose of the
18 property in such a manner as the United States Attorney General may
19 direct.  The United States may also, to the extent practicable, provide
20 written notice to any person known to have an alleged interest in the
21 property listed above.  Any person, other than Defendant, asserting a
22 legal interest in the above-listed property may, within sixty days of the
23 first date of internet posting of notice, or by the date indicated on
24 direct notice, if sent, whichever is earlier, petition the Court for a
25 hearing without a jury to adjudicate the validity of his alleged interest
26 in the above-listed forfeited assets and for an amendment of Forfeiture

ORDER ~ 2

Order, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 2253. Any petition filed by a third party asserting an interest in the above-listed forfeited assets shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in said property, the time and circumstances of the petitioner's acquisition of the right, title or interest in said assets, and any additional facts supporting the petitioner's claim and the relief sought.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Preliminary Forfeiture Order is final as to Defendant at the time of sentencing, and is made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Forfeiture Order, as provided by Rule 32.2(c)(2).

5. After the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the above-listed assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 2253, for the filing of third party petitions.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary. *See* to FED. R. CRIM. P. 32.2(e).

ORDER ~ 3

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel, the U.S. Probation Office, and the U.S. Marshals.

**DATED** this ___3rd___ day of February 2009.

S/ Edward F. Shea<br>EDWARD F. SHEA<br>United States District Judge

Q:\Criminal\2008\110.Forfeiture.wpd

ORDER ~ 4